**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDWARD FINNERAN,

    Petitioner,

-vs-                                                                 Case No.  8:14-cv-2753-T-36EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). According to the petition, Petitioner was convicted on February 22, 2010, on 50 counts of possession of child pornography, and sentenced to 15 years in prison on April 12, 2010 (Id.).

Petitioner alleges one claim for relief in the petition: the state court violated his right to equal protection under the law when it failed to provide him with a copy of his record on appeal, preventing him from filing an adequate post-conviction motion.

The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary denial.

In *Spradley v. Dugger*, 825 F.2d 1566 (11th Cir. 1987), the petitioner argued that the state trial court violated his due process rights when it denied his post-conviction motion without conducting an evidentiary hearing and attaching those portions of the record on which it relied in denying relief. The Eleventh Circuit Court of Appeals held that the state trial court's alleged errors in the post-conviction proceedings did not undermine the validity of the petitioner's conviction; therefore, the claim went to

issues unrelated to the cause of the petitioner's detention, and it did not state a basis for habeas relief. *Id*. at 1567; *see also Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984) ("Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.") (quotation and citation omitted).

Petitioner's claim that the state court failed to provide him with a copy of the record on appeal, preventing him from filing an adequate post-conviction motion, asserts a defect in the state collateral proceedings. The claim does not undermine the legality of Petitioner's convictions or sentence. Therefore, the claim provides no basis for federal habeas relief. *See, e.g., Carroll v. Sec'y, DOC*, 574 F.3d 1354, (11th Cir. 2009) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Holsey v. Thompson*, 462 Fed.Appx. 915, 917 (11th Cir. Mar. 21, 2012) (unpublished) ("We [] see no error in the district court's denial of Ground Seven, in which Holsey challenged the state habeas court's failure to address his sufficiency of the evidence claim. We have established that a challenge to a state collateral proceeding - - like the one in Ground Seven - - does not undermine the legality of the conviction itself and, thus, alleged defects in such proceedings do not provide a basis for habeas relief.").

Accordingly, it is **ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA**

2

**PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot satisfy the first prong of the *Slack* test. 529 U.S. at 484. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on November 12, 2014.

Charlene Edwards Honeywell
United States District Judge

Copy furnished to:

*Pro Se* Petitioner